FOURTH DEPARTMENT, FEBRUARY, 2000

(February 16, 2000)

■ DAMASK INCORPORATED, Appellant, v CNA INSURANCE CO. et al., Respondents. [703 NYS2d 614] —Appeal insofar as it concerns defendants CNA Insurance Co. and American Casualty Company of Reading, Pa. unanimously dismissed without costs upon stipulation and order affirmed with costs. Memorandum: Plaintiff appeals from an order that, *inter alia,* granted the motion of defendant Parsons & Associates, Inc. (Parsons), plaintiff's insurance agent, for summary judgment dismissing the complaint against it. Supreme Court properly granted that motion. In its fraud cause of action, plaintiff alleges that Parsons misrepresented that the insurer required plaintiff to

insure the property for $195,000. The record establishes that Parsons in fact made such a statement, but that the statement referred to CIGNA, the company to which the initial application was made, not defendant CNA Insurance Co., the company that eventually issued the policy. Plaintiff's contention that Parsons should have informed plaintiff that lesser coverage would have sufficed lacks merit. It is well established that, absent a special relationship, an insurance agent has no obligation to advise or direct an insured to obtain different or additional coverage (*see, Murphy v Kuhn*, 90 NY2d 266, 270). Moreover, there is no genuine triable issue of fact with respect to the essential element of justifiable reliance. Plaintiff initially applied for insurance in the amount of $110,000 to $120,000 in the belief that the building would be adequately insured in that amount. The fact that plaintiff ultimately acquiesced in Parsons' suggestion that more coverage be obtained does not support a cause of action for fraud. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ. (Filed Jan. 4, 2000.)